**FILED**
**Apr 10, 2026**
**09:19 AM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **ORELLA S. FULLER,**<br>**Employee,**<br>v.<br>**HENDRICKSON**<br>**INTERNATIONAL,**<br>**Employer.** | **Docket No. 2025-60-2789**<br><br>**State File No. 860124-2025**<br><br>**Judge Lisa A. Lowe** |

---

## EXPEDITED HEARING ORDER

---

Ms. Fuller alleged she injured her left shoulder while working. Hendrickson denied the claim. For the reasons below, the Court denies Ms. Fuller's request for benefits at this time.

### Claim History

Ms. Fuller worked as a painter for Hendrickson. On June 27, 2024, she was working with a broken pedal. To operate it, she had to "yank and pull on the gun each time." While doing so, she experienced pain in her left arm. Ms. Fuller said that she told her line leader that pulling the gun hurt her shoulder.

Ms. Fuller offered two coworker declarations to support her testimony about how she became injured. Rhonda Harris testified that when she spoke with the paint line leader to get more paint, she heard Ms. Fuller tell him that her shoulder hurt because of the broken pedal. Ivan Blackmon similarly stated that Ms. Fuller advised him of her shoulder pain due to the broken pedal. He noted that he constantly had to ask the maintenance team to adjust the parts.

On June 29, Ms. Fuller went to an emergency department complaining about left-shoulder and neck pain that started two hours earlier. She reported that she had been doing a lot of overhead work the last two days. She received an NSAID shot

and prescriptions and was advised to follow up with occupational health. The record notes "no work-related injury."

On July 1, Ms. Fuller reported her injury and wrote "over a year ago" for the date of injury. Hendrickson provided a panel and authorized treatment with a clinic. During the office visit, she stated that she picked up an object a year ago at work and felt a pop; however, she did not report the injury. She also described the June 27 work injury as lifting her arms up to shift equipment from side to side. Diagnostic testing showed no acute findings, and an orthopedic referral was recommended.

Hendrickson ultimately denied the claim for untimely reporting and lack of medical causation, leading Ms. Fuller to seek treatment on her own with Dr. Lucas Teske. She reported to him that she injured herself working with a broken component requiring lifting overhead. Ms. Fuller told Dr. Teske about her emergency room visit but did not mention the pop in her shoulder from a year earlier. He diagnosed adhesive capsulitis and found the cause was an aggravation from repetitive work due to broken equipment. After conservative treatment failed, Dr. Teske performed surgery in November.

Dr. Teske responded to a causation questionnaire from Ms. Fuller stating that within a reasonable degree of medical certainty the work incident contributed more than 50% in causing a new injury and need for treatment. He further wrote that the medical treatment was reasonable and necessary, and she may need future medical treatment, including surgery. Dr. Teske noted that Ms. Fuller was unable to work after her surgery until he released her to restricted duty.

Hendrickson hired Dr. Jeffrey Hazlewood to conduct a medical records review. He concluded that non-occupational risk factors existed that were more likely the cause of Ms. Fuller's adhesive capsulitis. He believed that preexisting conditions such as her gender, diabetes, or borderline diabetes are the significant factors of adhesive capsulitis, and it is typically an idiopathic disease.

Hendrickson also submitted the affidavit of Samantha Hellmich from Human Resources. She noted that Ms. Fuller first reported her claim on July 1, 2024, and wrote that the injury occurred a year ago. Ms. Hellmich testified that employees are required to report any workplace injury immediately, and Ms. Fuller's supervisor, Cory Arms, did not receive a report of injury from her.

2

## Findings of Fact and Conclusions of Law

At the Expedited Hearing stage, Ms. Fuller must show that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Fuller must prove that her injury arose primarily out of and in the course and scope of her employment. She must show "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not *considering all causes* as opposed to speculation or possibility. *Id.* § 50-6-102(12)(A)-(D) (Emphasis added).

Here, the Court is faced with conflicting medical opinions. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677 (Tenn. 1991). Dr. Teske treated Ms. Fuller, including surgery, while Dr. Hazlewood performed a record review with no physical exam. The Court credits the opinions of Dr. Teske, since he had greater contact with Ms. Fuller.

However, when offering an opinion under 50-6-102(12)(C), the physician must consider *all* causes. Ms. Fuller reported to Hendrickson and Premier that she experienced a pop and pain in her shoulder a year earlier. She did not provide that information to Dr. Teske. Since he did not consider all causes in making his determination, the Court is unable to find, at this time, that Ms. Fuller is likely to prevail at a trial.

**IT IS THEREFORE, ORDERED as follows:**

1. The Court denies Ms. Fuller's request for benefits at this time.

2. The Court sets a Status/Scheduling Hearing on July 28, 2026, at 10:30 a.m. Eastern Time. The parties must call 855-383-0003 to participate.

3

**ENTERED April 10, 2026.**

_(signature)_
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Rule 72 Declaration of Orella Fuller
2. Rule 72 Declaration of Rhonda Harris
3. Written Statement of Rhonda Harris
4. Rule 72 Declaration of Ivan Blackmon
5. Written Statement of Ivan Blackmon
6. Affidavit of Jeffrey Hazlewood, M.D., with attachments
7. Causation Letter of Dr. Lucas Teske
8. Medical Records of Vanderbilt Medical Center
9. Medical Records of Premier Medical Group
10. Medical Records of Tennessee Orthopedic Alliance

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on April 10, 2026.

| Name | Email | Service sent to: |
|------|-------|------------------|
| Orella S. Fuller, Self-Represented Employee | X | f█████████████████ |
| Blakeley D. Matthews, Employer's Attorney | X | bdmatthews@cclawtn.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

5



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental  $ _____ per month

Groceries           $ _____ per month      Telephone       $ _____ per month

Electricity         $ _____ per month      School Supplies $ _____ per month

Water               $ _____ per month      Clothing        $ _____ per month

Gas                 $ _____ per month      Child Care      $ _____ per month

Transportation  $ _____ per month          Child Support   $ _____ per month

Car                 $_____ per month

Other               $ _____ per month (describe: _____ )

10. Assets:

Automobile          $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House               $ _____        (FMV) _____

Other               $ _____        Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                    RDA 11082